UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JAMES,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF AGING, et al.,<br><br>          Defendants. | No.  2:16-cv-2174 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Tyrone James, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff alleges that employees of the California Department of Aging violated plaintiff's civil rights by refusing to provide plaintiff with informational pamphlets concerning aging.

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient and it appears that granting leave to amend would be futile.  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

2

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.    Plaintiff's Complaint

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, plaintiff's complaint alleges that in July of 2016, plaintiff "wrote a letter to the executive director of the State Department of Aging" inquiring as to "why the aging related material was not sent to [plaintiff] by an employee . . . ." (Compl. (ECF No. 1) at 2.)  Plaintiff later spoke with defendant's employee by phone and "told the white lady that [he] was an African American double amputee," and that plaintiff was going to file a legal action.  (Id. at 3-4.)  On August 2, 2016, plaintiff received a phone call "from the Director's Assistant," who "began a long State Dept. of Aging propaganda speech," stating that she would send plaintiff certain pamphlets.  (Id. at 5-6.)  Plaintiff "became angry . . . hung the phone up, and began to write and file this civil action."  (Id. at 7.)

Based on these allegations, the complaint alleges that "[t]he defendant and her unidentified cohorts have conspired to withhold from" plaintiff "the aforementioned literature . . . ."  (Id. at 7.)  However, even accepting the material allegations in the complaint as true and construing them in the light most favorable to the plaintiff, plaintiff's complaint fails to state a claim.

In this regard, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action

for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Here, the complaint does not name a single individual defendant, aside from "Director Ms. Lora Connolly," who is not alleged to have personally taken any action. (Compl. (ECF No. 1) at 1.) Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him or her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

Moreover, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, the complaint fails to specify plaintiff's claims and how the facts alleged support those claims. Instead, the complaint simply alleges the facts above and cites various provisions of law. Vague and conclusory allegations of official participation in civil rights violations are not

4

1  sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2  With respect to those vague and conclusory allegations, plaintiff's complaint cites 42
3  U.S.C. § 1985.  (Compl. (ECF No. 1) at 13.)  However, the "absence of a [§] 1983 deprivation of
4  rights precludes a [§] 1985 conspiracy claim predicated on the same allegations."  Thornton v.
5  City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005); Caldeira v. County of Kauai, 866 F.2d
6  1175, 1182 (9th Cir. 1989). That is, "to state a claim for conspiracy under § 1985, a plaintiff must
7  first have a cognizable claim under § 1983."  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930
8  (9th Cir. 2004).

9  Plaintiff's complaint also cites to 42 U.S.C. § 1981.  (Compl. (ECF No. 1) at 13.)  §
10  1981(a) states, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

15  Plaintiff's complaint, however, does not allege any impingement in plaintiff's ability to
16  make and enforce contracts, to sue, to be a party to a lawsuit, or to give evidence in a lawsuit.
17  Nor does it allege that plaintiff was denied the "full and equal benefit of all laws and proceedings
18  for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981(a).

19  The complaint next cites to the Americans with Disabilities Act ("ADA").  (Compl. (ECF
20  No. 1) at 13.)  "To prove a public program or service violates Title II of the ADA, a plaintiff must
21  show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from
22  participation in or denied the benefits of a public entity's services, programs or activities, or was
23  otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or
24  discrimination was by reason of his disability."  Weinreich v. Los Angeles County Metropolitan
25  Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).  Here, there is
26  no allegation that plaintiff was excluded or denied benefits by reason of a disability.

27  The complaint also asserts a violation of plaintiff's right to due process.  (Compl. (ECF
28  No. 1) at 14.)  "There are two possible forms of a due process claim: substantive and procedural."

5

1   Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152, 1163-64 (E.D. Cal. 2012).  To
2   state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a
3   constitutionally protected life, liberty, or property interest."  Shanks v. Dressel, 540 F.3d 1082,
4   1087 (9th Cir. 2008).  In this regard, substantive Due Process, "forbids the government from
5   depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or
6   'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City of Los Angeles,
7   147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).  To
8   state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a constitutionally
9   protected liberty or property interest, and (2) a denial of adequate procedural protections.  Kildare
10  v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  Here, the complaint does not allege that plaintiff
11  was deprived of a constitutionally protected life, liberty, or property interest.
12          Finally, the complaint also asserts an equal protection claim.  (Compl. (ECF No. 1) at 14.)
13  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny
14  to any person within its jurisdiction the equal protection of the laws,' which is essentially a
15  direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v.
16  Cleburne Living Ctr., 473 U.S. 432, 439 (1985); see also Lee v. City of Los Angeles, 250 F.3d
17  668, 686 (9th Cir. 2001).  To state a viable claim under the Equal Protection Clause, a plaintiff
18  "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an
19  inference of discriminatory intent."  Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022,
20  1026 (9th Cir. 1998).  "Intentional discrimination means that a defendant acted at least in part
21  because of a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071 (9th Cir. 2003)
22  (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).  Here, plaintiff's
23  complaint does not allege facts that are susceptible of an inference of discriminatory intent.
24          Accordingly, for the reasons stated above, plaintiff's complaint should be dismissed for
25  failure to state a cognizable claim.
26  **III.    Leave to Amend**
27          The undersigned has carefully considered whether plaintiff may amend the complaint to
28  state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend

include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see</u> also <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 12, 2016 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's September 12, 2016 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/james2174.ifp.den.f&rs